**Jose Luis Araujo VILLAFANA; Josefina Araujo; Maria Gaudalupe Araujo Jaramillo, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–74962.

United States Court of Appeals, Ninth Circuit.

Submitted March 12, 2007.*

Filed March 16, 2007.

Jose Luis Araujo Villafana, Los Angeles, CA, pro se.

Josefina Araujo, Los Angeles, CA, pro se.

Maria Guadalupe Araujo Jaramillo, Los Angeles, CA, pro se.

CAC–District, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: CANBY, TROTT and FISHER, Circuit Judges.

MEMORANDUM **

We have reviewed the record and petitioners' response to this court's order to show cause. Summary disposition is appropriate as to petitioner Maria Gaudalupe Araujo Jaramillo because the lack of a qualifying relative for cancellation of removal raises no substantial questions requiring further argument. *See Molina–Estrada v. INS,* 293 F.3d 1089, 1093–94 (9th Cir.2002) (concluding that petitioner who failed to show evidence of qualifying relative was ineligible for cancellation of removal); *United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam). Petitioners' argument that the qualifying relative requirement for cancellation of removal is unconstitutional lacks merit. *See Jimenez–Angeles v. Ashcroft,* 291 F.3d 594 (9th Cir.2002).

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Dismissal as to petitioners Jose Luis Araujo Villafana and Josefina Araujo is appropriate because they raise no colorable constitutional or legal claim as to the agency's discretionary determination of lack of exceptional and extremely unusual hardship. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Torres–Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir.2001); *Romero–Torres v. Ashcroft*, 327 F.3d 887, 892 (9th Cir.2003). The argument that the removal order amounts to a de facto removal of the United States citizen children and thus violates their constitutional rights is unpersuasive. *See Urbano de Malaluan v. INS*, 577 F.2d 589, 594 (9th Cir.1978).

**PETITION FOR REVIEW DISMISSED IN PART and DENIED IN PART.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.